## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 17-42 (DWF/LIB)

          Plaintiff,

v.                                                                                      **ORDER**

Richard Ray Norton,

          Defendant.

      This matter is before the Court on Defendant Richard Ray Norton's Motion for Reconsideration for Compassionate Release or in Alternative a Sentence Reduction Pursuant to 18 U.S.C. § 3582([c])(1)(A).  (Doc. No. 61.)  The Court previously considered and denied Norton's request for compassionate release.  (Aug. 18, 2020 Order, Doc. No. 60.)  Norton now asserts that his sentence reduction motion under 18 U.S.C. § 3582(c)(1)(A) should be granted pursuant to *United States v. Rehaif*, 139 S.Ct. 914 (2019).  (Doc. No. 61 at 2.)  Norton argues his conviction under 18 U.S.C. § 922(g)(1) and § 924(a)(2) is insufficient under *Rehaif*.

      The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with

the previously described categories.  U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  There is no authority under § 3582(c)(1)(A) to reduce a defendant's sentence on grounds that their conviction is legally insufficient.

Rather, challenges to the validity of a sentence must be brought pursuant to 28 U.S.C. § 2255, which is subject to a one-year statute of limitations.  28 U.S.C. § 2255(f); *see United States v. Bugh*, 459 F. Supp. 3d 1184, 1189 (D. Minn. 2020) (finding that *Rehaif* recognized a new right and that it is retroactive on cases of collateral review).  Thus, even if Norton could raise his *Rehaif* claim in this motion to reconsider an order under § 3582(c)(1)(A), it would be untimely as *Rehaif* was decided on June 21, 2019, more than one year prior to the September 28, 2020 filing here.

Norton provides the Court no additional information to reconsider its decision, only a new legal argument brought in an improper vehicle.  Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Richard Ray Norton's Motion for Reconsideration for Compassionate Release or in Alternative a Sentence Reduction Pursuant to 18 U.S.C. § 3582([c])(1)(A) (Doc. No. [61]) is respectfully **DENIED**.

Dated:  November 13, 2020        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge